IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNY MATTHEWS, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS and SERGEANT SAPP, <br><br> Defendants. | Case No. 4:24-cv-00019-SLG |
| KENNY MATTHEWS, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE DEPARTMENT OF CORRECTIONS, <br><br> Defendant. | Case No. 4:24-cv-00020-SLG |

## SCREENING ORDER

On August 2, 2024, self-represented litigant Kenny Matthews, Jr. ("Plaintiff") filed two civil cases, as captioned above. Plaintiff filed a civil cover sheet and an application to waive payment of the filing fee in each case.[1] Pursuant to Rule 201

---

[1] Dockets 1-3.

of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[2]

In Claim 1 in Case No. 4:24-cv-00019-SLG ("Case 19"), Plaintiff alleges that on or about August 2, 2022, Sergeant Sapp violated his rights under the Fourteenth Amendment by taking his cell phone out while Plaintiff's genitals were exposed during a medical procedure at Fairbanks Urology.[3] Plaintiff claims an unidentified correctional officer later told him that he had seen a video recording of Plaintiff's genitals, and so Plaintiff thought the video had been circulated amongst the officers.[4] Plaintiff claims the unidentified officer later denied seeing any such video. Following an internal investigation, Sergeant Guzman allegedly told Plaintiff that a correctional officer should not have a personal cell phone out during an inmate's medical appointment, but that it does not appear that a video recording was taken of Plaintiff's genitals.[5] However, Plaintiff appears to allege, even if a video was not recorded, his rights were still violated because he "felt uncomfortable

---

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[3] Case 19, Docket 1 at 3.

[4] Case 19, Docket 1 at 3.

[5] Case 19, Docket 1 at 3.

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 2 of 18

*like* he was being recorded."[6] In Claim Two in Case 19, Plaintiff does not name a specific individual or include a date the claim allegedly occurred, but he appears to be bringing a claim stemming from the same incident against the Department of Corrections ("DOC").[7]

In Case No. 4:24-cv-00020-SLG ("Case 20"), Plaintiff states he "had to have surgery to remove [his swollen lymph nodes] because they wouldn't give [him his test] results."[8] Liberally construed, Plaintiff appears to be bringing a claim for inadequate medical care. However, the Complaint fails to name an individual defendant or to include the year these events allegedly occurred. Plaintiff alleges he went to jail on May 31st and requested STD testing. Then, he claims he started experiencing medical issues in July, and later that same month went to a urology doctor for a biopsy.[9] This medical visit to the urologist appears to be the same August 2022 urology visit referenced in Case 19.[10] Additionally, according to the state court docket, Plaintiff was charged on June 1, 2022, for events allegedly

---

[6] Case 20, Docket 1 at 3 (emphasis added).

[7] Case 20, Docket 1 at 3.

[8] Case 20, Docket 1 at 3.

[9] Case 20, Docket 1 at 3.

[10] *Compare* Case 20, Docket 1 at 3 ("the urology doctor put something to numb my penis so he could cut a piece of skin away"), *with* Case 19, Docket 1 at 4 ("… while the doctor is injecting a numbing stuff on my penis so he could cut a sample out of me").

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 3 of 18
Case 4:24-cv-00020-SLG     Document 5     Filed 01/06/25     Page 3 of 18

occurring on May 31, 2022, and convicted on June 9, 2023, after a jury trial.[11] Therefore, upon information and belief, the events giving rise to Plaintiff's claims involving his medical care in both Case 19 and Case 20 occurred between June and November 2022. Plaintiff was a pretrial detainee when all the alleged events giving rise to all his claims occurred.[12] Plaintiff was released from custody prior to filing this suit.[13]

The Court has now screened Plaintiff's Complaints in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, both cases fail to adequately state a claim for which relief may be granted. Although amendment is likely futile, Plaintiff is granted leave to file an amended complaint in Case 19 only in accordance with the guidance below. However, the Court finds that allowing leave to amend in Case 20 would be futile, as Plaintiff cannot maintain claims against the DOC and fails to state a claim of deliberate medical indifference. Therefore, Case 20 is dismissed without leave to amend. Plaintiff is accorded **60**

---

[11] *State of Alaska vs. Matthews Jr., Kenny,* Case No. 4FA-22-01173CR.

[12] For civil rights claims by pretrial detainees pertaining to their conditions of confinement, courts "properly rel[y] on the Due Process Clause rather than the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

[13] Plaintiff listed an apartment as his address on both Complaints. Cases 19 & 20, Docket 1. *See also State of Alaska vs. Matthews Jr., Kenny,* Case No. 4FA-22-01173CR, Docket 06/09/2023 ("Charge Disposition: Defendant Convicted on Charge"); Docket 06/13/2023 ("Bail Exonerated"); Docket 08/11/2023 ("Order and Conditions of Release").

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 4 of 18
Case 4:24-cv-00020-SLG   Document 5   Filed 01/06/25   Page 4 of 18

**days** to file an amended complaint in Case 19 that corrects the deficiencies identified in this order.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[14] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[15]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[16] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[17] Although the scope of review generally is limited

---

[14] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

[15] 28 U.S.C. § 1915(e)(2)(B).

[16] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[17] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 5 of 18
Case 4:24-cv-00020-SLG    Document 5    Filed 01/06/25    Page 5 of 18

to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[18] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[19]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[20] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[21]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

[18] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[19] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[20] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[21] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 6 of 18

[complainant] is entitled to relief[.]"[22] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[23] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[24] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25]

Further, a federal court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim,[26] and it is not the Court's responsibility to review filings or exhibits to identify possible claims. A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular

---

[22] Fed. R. Civ. P. 8(a)(2).

[23] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

[25] *Ashcroft*, 556 U.S. at 678.

[26] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 7 of 18
Case 4:24-cv-00020-SLG   Document 5   Filed 01/06/25   Page 7 of 18

defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[27]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[28] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[29] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[30] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[31]

---

[27] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[28] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[29] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[30] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[31] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 8 of 18
Case 4:24-cv-00020-SLG   Document 5   Filed 01/06/25   Page 8 of 18

### III. Plaintiff cannot bring claims against the Department of Corrections ("DOC")

A defendant in a civil rights lawsuit must be a "person."[32] States and state agencies are not considered "persons" under Section 1983.[33] Further, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the State or state agency's immunity has been waived.[34] The State of Alaska has not waived its immunity from civil rights claims alleging violations of the federal Constitution. Therefore, any civil rights claims against the State of Alaska or its agencies, such as the Department of Corrections, cannot proceed in federal court.

### IV. Any claims for injunctive relief are mooted by Plaintiff's release from DOC custody

Plaintiff's claims relate to events that allegedly occurred while he was in the custody of the DOC, but his Complaints were filed after he has since been released from DOC custody. A prisoner's release from custody "extinguishes his legal

---

[32] 42 U.S.C. § 1983.

[33] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989).

[34] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 9 of 18
Case 4:24-cv-00020-SLG   Document 5   Filed 01/06/25   Page 9 of 18

interest in an injunction because it would have no effect on him."[35] Plaintiff's Complaints seek monetary damages and do not specifically request injunctive relief in either complaint.[36] But to the extent Plaintiff is trying to ensure DOC has updated its policies re photographs and videos, seeking to prevent DOC from taking any future photographs or videos of him, or seeking any other injunctive relief, he must not bring such requests for relief in any amended complaint.

### V. Inadequate medical care

In Case 20, Plaintiff appears to allege he received inadequate medical care from DOC staff. As noted above, Plaintiff cannot name the DOC itself as a defendant with respect to such claims. A plaintiff may, however, be able to allege a claim for inadequate medical care against individual prison officials.

The Fourteenth Amendment's Due Process Clause protects pretrial detainees from prison officials' deliberate indifference to a serious medical need.[37]

---

[35] *McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1095 (9th Cir. 2004) (citing *Bernhardt v. Cnty. of L.A.,* 279 F.3d 862, 871 (9th Cir. 2002)); *see also Preiser,* 422 U.S. at 402–03 (where prisoner challenges conditions of confinement and seeks injunctive relief, transfer to another prison renders request for injunctive relief moot absent evidence of an expectation that prisoner will be transferred back to offending institution); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (prisoner's injunctive relief claim against state prison official is moot following transfer to federal prison).

[36] *See* Case 19, Docket 1 at 6-7 (seeking damages in the amount of $500,000 and punitive damages in the amount of $4,000,000); *see also* Case 20, Docket 1 at 7 (seeking damages in the amount of $500,000 and punitive damages in the amount of $3,500,000).

[37] *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002).

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 10 of 18
Case 4:24-cv-00020-SLG    Document 5    Filed 01/06/25    Page 10 of 18

To prevail on such claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

(1) the defendant made an intentional decision regarding the denial of needed medical care;

(2) the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

(3) the defendant did not take objectively reasonable available measures to abate or reduce the risk of serious harm;

(4) by not taking such measures the defendant caused the plaintiff's injuries.[38]

With respect to the third element, the defendant's conduct must be objectively unreasonable and must demonstrate deliberate indifference. "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health."[39] A defendant's conduct "must be evaluated under an objective deliberate indifference standard."[40] Meaning, under the circumstances, a

---

[38] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.30 and the cases cited therein.

[39] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted).

[40] *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (citing *Castro v.*

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 11 of 18
Case 4:24-cv-00020-SLG    Document 5    Filed 01/06/25    Page 11 of 18

reasonable defendant would have understood the high degree of risk of harm involved—making the consequences of the defendant's conduct obvious.

In Case 20, Plaintiff claims he requested testing for sexually transmitted diseases shortly after he was arrested in June 2022, and that while he received the testing as requested, he was denied his test results.[41] Plaintiff's narrative describes multiple tests and claims he was treated with medication, "peanut butter shots in both hips[,]" and eventually surgery.[42] To the extent Plaintiff is alleging he was not provided with appropriate medical care, he has not named any individual responsible for his medical care; nor has he pled sufficient facts to establish that an individual was deliberately indifferent to his serious medical needs. Based on the facts pleaded, Plaintiff received medical attention from a specialist within two months of his incarceration and has not alleged any significant injury that was deliberately not treated by prison officials. In addition, to the extent Plaintiff is claiming that he was injured by health care provided to him prior to August 2, 2022, such claims would be barred by the applicable two year statute of limitations, since Plaintiff did not file Case 20 until August 2, 2022. In sum, there appear to be no additional facts that Plaintiff could plead that are consistent with those alleged in

---

*County of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016)).

[41] Case 20, Docket 1.

[42] Case 20, Docket 1 at 3.

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 12 of 18
Case 4:24-cv-00020-SLG   Document 5   Filed 01/06/25   Page 12 of 18

Case 20 that could state a viable claim for deliberate indifference in the provision of medical care to him by DOC officers in 2022. Therefore, Case 20 must be dismissed without leave to amend.

### VI. Invasion of bodily privacy

Case 19 relates to the alleged use of a cell phone by a correctional officr during Plaintiff's urology visit in August 2022.

"Loss of freedom of choice and privacy are inherent incidents of confinement."[43] However, "incarcerated prisoners retain a limited right to bodily privacy. Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex[,] is impelled by elementary self-respect and personal dignity."[44] A prisoner's bodily privacy, however, exists only so far as it is not fundamentally inconsistent with prisoner status or incompatible with the legitimate objectives of incarceration.[45] Plaintiff has not pleaded facts to support a claim for invasion of bodily privacy. At most, Plaintiff appears to allege an affront to his dignity, which, at least on the facts alleged here, does not state a constitutional claim. It appears unlikely that Plaintiff will be able to state a viable claim for a

---

[43] *Bell v. Wolfish,* 441 U.S. 520, 537 (1979).

[44] *Michenfelder,* 860 F.2d at 333 (citing *Grummet,* 779 F.2d at 494; *Cumbey v. Meachum,* 684 F.2d 712, 714 (10th Cir.1982) ("Although the inmates' right to privacy must yield to the penal institution's need to maintain security, it does not vanish altogether.")).

[45] *Pell v. Procunier,* 417 U.S. 817, 822 (1974); *Michenfelder,* 860 F.2d at 332.

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 13 of 18
Case 4:24-cv-00020-SLG    Document 5    Filed 01/06/25    Page 13 of 18

violation of his Fourth Amendment right to be free against unreasonable searches and seizures in connection with his urology visit in August 2022. Nonetheless, the Court will accord Plaintiff an opportunity to file an amended complaint to attempt to state such a claim.

## VII. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[46] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[47] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[48] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[49] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given the opportunity

---

[46] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[47] Fed. R. Civ. P. 8(a)(2).

[48] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[49] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 14 of 18
Case 4:24-cv-00020-SLG    Document 5    Filed 01/06/25    Page 14 of 18

to file an amended complaint in Case 19 only, he shall not unjustifiably expand the scope of that case by alleging new unrelated claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number being repeated anywhere in the complaint.[50] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

**IT IS THEREFORE ORDERED:**

1. **Case 20 is DISMISSED without leave to amend.**

2. Plaintiff's Complaint at **Docket 1 in Case 19 is DISMISSED for failure to state a claim upon which relief may be granted**.

---

[50] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 15 of 18
Case 4:24-cv-00020-SLG   Document 5   Filed 01/06/25   Page 15 of 18

3. Plaintiff's claims against the Department of Corrections in both Case 19 and Case 20 are **DISMISSED with prejudice.**

4. In Case 19 only, Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his claims for monetary damages against Sergeant Sapp to address the deficiencies identified in this order. Plaintiff must not include any claims for injunctive relief or any claims against the Department of Corrections. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end Case 19.

5. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, Case 19 may be dismissed without further notice to Plaintiff.

6. Plaintiff's application to waive payment of the filing fee at **Docket 3 in Case 19 is GRANTED.**

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 16 of 18
Case 4:24-cv-00020-SLG    Document 5    Filed 01/06/25    Page 16 of 18

Court orders.[51] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[52] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. All pending motions in Case 20 are **DENIED as moot.**

11. The Clerk of Court shall issue a final judgment and close Case 20.

12. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act

---

[51] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[52] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 17 of 18
Case 4:24-cv-00020-SLG   Document 5   Filed 01/06/25   Page 17 of 18

42 U.S.C. § 1983" and "Case No. 4:24-cv-00019-SLG" written on the first page of the complaint form; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 6th day of January 2025.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:24-cv-00019-SLG, *Matthews v. Department of Corrections, et al.*
Case No. 4:24-cv-00020-SLG, *Matthews v. Department of Corrections*
Screening Order
Page 18 of 18
Case 4:24-cv-00020-SLG   Document 5   Filed 01/06/25   Page 18 of 18